IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY RAY WHATLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:19cv670-RAH-SRW |
| | ) | (WO) |
| DONALD VALENZA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Johnny Ray Whatley's petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on August 16, 2019. Doc. 1.[1]

## I.   BACKGROUND

### A.   State Court Proceedings

On January 16, 2019, Whatley pled guilty in the Houston County Circuit Court to theft of property in the fourth degree, a misdemeanor. ALA. CODE § 13A-8-5. Doc. 10-1 at 1. On that same date, the trial court sentenced Whatley to 12 months in jail. Doc. 10-1 at 2. Whatley applied for probation, and a probation hearing was set for April 5, 2019. *Id.*

Whatley failed to appear for the probation hearing and, on April 8, 2019, a warrant was issued for his arrest. Docs. 10-2, 10-3. After a hearing on May 3, 2019, the trial court denied Whatley's application for probation. Doc. 10-3.

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

On May 15, 2019, Whatley filed a motion to dismiss, arguing that his sentence was too harsh. Doc. 10-5. On May 20, 2019, the trial court entered an order denying Whatley's motion to dismiss. Doc. 10-6. On July 8, 2019 (Doc. 10-8), Whatley filed a motion to withdraw his guilty plea, which the trial court denied on July 11, 2019 (Doc. 10-9). On July 19, 2019 (Doc. 10-10), Whatley filed a motion to modify sentence, which the trial court denied on July 29, 2019 (Doc. 10-11).

Whatley pursued no appeal in the Alabama Court of Criminal Appeals.

**B.     Federal Habeas Petition**

Whatley filed this petition for writ of habeas corpus on August 16, 2019. He appears to claim that the criminal charges against him should have been dismissed because his alleged victim agreed that the case should be "worked out" as a civil matter. Docs. 1 & 12. Respondents answer that Whatley's claim was not exhausted in the state courts and is barred from review under the procedural default doctrine. Doc. 10. Upon consideration, the Court finds that Whatley's petition should be denied and that this case should be dismissed with prejudice.

## II.  DISCUSSION

**A.     Procedural Default**

Before a petitioner may obtain federal habeas review of his claims, he must "exhaust" them in state court, allowing the state courts to decide the merits of the claims. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established

appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of appellate review in Alabama state courts comprises (1) an appeal to the Alabama Court of Criminal Appeals; (2) an application for rehearing to that court; and (3) a petition for writ of certiorari in the Alabama Supreme Court. *Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001).

Habeas claims not exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Id.*; *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

**B.     Whatley's Claim Is Procedurally Defaulted.**

Whatley claims that the criminal charges against him should have been dismissed because his alleged victim agreed that the case should be "worked out" as a civil matter. Docs. 1 & 12. Whatley did not present and pursue this claim in an appeal to the Alabama Court of Criminal Appeals. Thus, he failed to exhaust the claim through one complete round of state court appellate review. He may not return to the state courts to exhaust his claim, because the time for him to appeal has long since passed and he has no other remedies. *See* Ala. R. App. P. 4. Consequently, the exhaustion and preclusion rules

coalesce into the procedural default of Whatley's claim. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

A habeas petitioner can overcome a procedural default either by (1) showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or (2) establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default ordinarily turns on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted). Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327.

Whatley asserts no grounds as cause excusing his procedural default, and he does not present a colorable claim of actual innocence. His claim is therefore foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 29, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 14th day of March, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge